# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:21-cv-00533-MR

| | |
|---|---|
| LORENZO BIDDY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>KILOLO KIJAKAZI, Commissioner )<br>of Social Security, )<br>)<br>Defendant. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 11] and the Defendant's Motion for Summary Judgment [Doc. 13].

## I. PROCEDURAL HISTORY

The Plaintiff, Lorenzo Biddy ("Plaintiff"), filed an application for disability and disability insurance benefits under Title II of the Social Security Act (the "Act"), alleging an onset date of December 5, 2013. [Transcript ("T.") at 2150]. The Plaintiff's application was denied initially on January 9, 2015, upon reconsideration on March 26, 2015, and by an Administrative Law Judge ("ALJ") decision on February 15, 2017. [Id.]. The Appeals Council denied the Plaintiff's request for review on February 28, 2018. [Id.]. The

Plaintiff subsequently appealed to the United States District Court for the Middle District of North Carolina.[1] [Id.]. On November 6, 2018, the district court reversed the ALJ's decision and remanded the case with instructions to evaluate the Plaintiff's September 23, 2016, and December 22, 2016, Veterans Affairs ("VA") disability ratings. [Id.]. On May 19, 2019, the Appeals Council remanded the case for further proceedings consistent with the district court's order. [Id.]. A hearing was held on January 7, 2020, before an ALJ. [Id.]. On February 5, 2020, the ALJ issued a written decision denying the Plaintiff benefits, finding that the Plaintiff was not disabled within the meaning of the Act since the alleged onset date of December 5, 2013. [Id. at 2162]. The Appeals Council denied the Plaintiff's request for review on February 19, 2021, thereby making the ALJ's decision the final decision of the Commissioner. [Id. at 2139]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision,

---

[1] At the time of his original appeal, the Plaintiff lived in the Middle District. [T. at 1]. He has since moved to the Western District.

Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the

3

Case 3:21-cv-00533-MR   Document 18   Filed 10/31/22   Page 3 of 13

pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant

4

does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. SSR 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age,

5

education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering this burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits. In this case, the ALJ rendered a determination adverse to the Plaintiff at the fifth step.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that the Plaintiff has not engaged in substantial gainful activity since December 5, 2013, the alleged onset date, and that the Plaintiff meets the insured status requirements through June 30, 2019. [T. at 2153]. At step two, the ALJ found that the Plaintiff has severe impairments, including: lumbar spine degenerative disc disease with radiculopathy, sciatica and arthritis; diabetes mellitus; obesity; traumatic brain injury; major depression and post-traumatic stress disorder. [Id.]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings.

[Id.]. The ALJ then determined that the Plaintiff, notwithstanding his impairments, has the RFC:

> [T]o perform light work as defined in 20 CFR 404.1567(b) except for engaging in occasional postural activities; must avoid workplace hazards; need for an assistive device to ambulate; allowance for one to two additional 5 minute rest breaks during the workday; could perform unskilled work; carry out routine and repetitive tasks; able to sustain attention and concentration for two hours at a time during the workday; no work requiring a production rate or demand pace; avoid work environments dealing with crisis situations, complex decision-making or constant changes in a routine setting and could have frequent but not continuous contact or interaction with co-workers and supervisors.

[Id. at 2154-55].

At step four, the ALJ identified the Plaintiff's past relevant work as a paralegal and a tax preparer. [Id. at 2160]. The ALJ observed, however, that the Plaintiff is "unable to perform any past relevant work." [Id.]. At step five, based upon the testimony of the vocational expert ("VE"), the ALJ concluded that, considering the Plaintiff's age, education, work experience, and RFC, the Plaintiff is capable of performing other jobs that exist in significant numbers in the national economy, including: cashier II, marker, and router. [Id. at 2161]. The ALJ therefore concluded that the Plaintiff was not disabled from December 5, 2013, the alleged onset date, through June 30, 2019, the date last insured. [Id. at 2162].

7

## V. DISCUSSION[2]

As one of his assignments of error, the Plaintiff argues that the ALJ did not adequately explain her assignment of little weight to the Plaintiff's VA disability ratings as required by the Fourth Circuit's decision in <u>Bird v. Commissioner</u>, 699 F.3d at 343. [Doc. 12 at 9]. The Defendant, on the other hand, argues that the ALJ's treatment of the VA ratings is supported by substantial evidence. [Doc. 14 at 17].

In <u>Bird</u>, the Fourth Circuit stated that "[b]ecause the purpose and evaluation methodology of both [the VA and SSA] programs are closely related, a disability rating by one of the two agencies is highly relevant to the disability determination of the other agency." 699 F.3d at 343. Accordingly, the Court held that:

> [I]n making a disability determination, the SSA must give substantial weight to a VA disability rating. However, because the SSA employs its own standards for evaluating a claimant's alleged disability, and because the effective date of coverage for a claimant's disability under the two programs likely will vary, an ALJ *may* give less weight to a VA disability rating when the record before the ALJ *clearly demonstrates* that such a deviation is appropriate.

---

[2] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

Id. at 343 (emphasis added). "[T]o demonstrate that it is 'appropriate' to accord less than 'substantial weight' to [a relevant agency decision], an ALJ must give 'persuasive, specific, valid reasons for doing so that are supported by the record.'" Woods v. Berryhill, 888 F.3d 686, 692 (4th Cir. 2018) (quoting McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002)). "For example, an ALJ could explain which aspects of the prior agency decision [she] finds not credible and why, describe why [she] finds other evidence more credible, and discuss the effect of any new evidence made available after [the VA] issued its decision." [Id.].

Here, the record evidence before the ALJ contained multiple disability decisions by the VA. On September 23, 2016, the VA issued a statement verifying the Plaintiff's service-connected disabilities, assigning Plaintiff a 50% combined disability rating. [T. at 187]. Specifically, the VA decision assigned the Plaintiff a 40% disability rating for his traumatic brain injury and a 20% disability rating for osteoarthritis of the lumbar spine. [Id.]. On December 22, 2016, the VA issued a decision assigning the Plaintiff an 80% combined service-connected disability rating, specifically, a 20% rating for right sciatic nerve radiculopathy, a 70% rating for "traumatic brain injury with major depressive disorder and unspecified neurocognitive disorder," and a 20% rating for osteoarthritis of the lumbar spine. [Id. at 191-94]. On August

9

11, 2017, the VA issued a decision again assigning an 80% combined disability rating with a 70% rating for "traumatic brain injury with major depressive disorder and unspecified neurocognitive disorder," a 10% rating for osteoarthritis of the lumbar spine, and a 10% rating for right sciatic nerve radiculopathy. [Id. at 2453-54]. On February 7, 2019, the VA confirmed that the Plaintiff was still assigned an 80% service-connected disability rating. [Id. at 2463].

In her decision, the ALJ restated the Plaintiff's various disability rating decisions and then stated:

> In evaluating these disability ratings in accordance with the Social Security Regulations and Bird v. Commissioner of SSA, the undersigned gives little weight to the Department of Veterans Affairs specific disability ratings relative to the claimant's traumatic brain injury with neurocognitive disorder and major depressive disorder, as well as the combined disability ratings of 50 and 80 percents. In doing so, the undersigned notes that 40 percent of the total combined 50 percent disability raring [sic] and 70 percent of the total combined 80 percent disability rating have been attributed to the claimant's mental impairments. However, the record shows that the claimant's mental health symptoms have improved with treatment. More often than not, his mental status examinations have been normal, including his memory, attention and concentration with only occasional findings of mild depressive and anxiety symptoms. In addition, neuropsychological testing results were assessed as invalid. Moreover, the claimant's activities of daily living are inconsistent

> with level of mental impairment indicated by the VA, as discussed fully above.

[Id. at 2159]. The ALJ cites no specific evidence from the record to support her conclusion that the VA ratings are entitled to little weight, nor does she cite specific aspects of the VA decision that she found were not credible.

The ALJ also does not explain how she reached the conclusion that the Plaintiff's mental status examinations were "normal" "more often than not," nor does she explain how that conclusion led her to assign little weight to the VA disability findings. While the reference to the Plaintiff's improvement was conceivably included to explain why earlier disability ratings were not persuasive, the ALJ makes no attempt to square her conclusion that the Plaintiff had improved with his continued 80% disability rating through 2019. If there was specific evidence she relied upon that the VA failed to consider, she did not cite it.

Further, while the ALJ states that a full discussion of the inconsistencies between the Plaintiff's activities of daily living and the level of mental impairment indicated by the VA is included elsewhere in her decision, the only additional discussion of the Plaintiff's daily activities calls into question the *Plaintiff's* characterization of his impairments, not the VA's. [Id. at 2158]. Nowhere in the decision does the ALJ perform a meaningful analysis, with citations to the record, that adequately explains why she

11

concluded it was appropriate to accord less than substantial weight to the VA's disability decisions. Thus, the Court cannot say that "the record before the ALJ clearly demonstrates that such a deviation is appropriate." See Bird, 699 F.3d at 343. As such, the ALJ's failure to properly weigh and explain the consideration given to the Plaintiff's disability ratings by the VA frustrates meaningful review of the ALJ's decision on this issue. For this reason, the decision of the ALJ must be reversed.

In light of this decision, Plaintiff's other assignment of error need not be addressed but may be raised by him on remand.

## VI. CONCLUSION

Because this Court lacks an adequate record of the basis for the ALJ's decision, it cannot conduct a meaningful review of that ruling. See Radford, 734 F.3d at 295. On remand, the ALJ's decision should properly weigh the Plaintiff's VA disability ratings as required by Bird, including citation to specific record evidence that supports her conclusions.

## O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Summary Judgment [Doc. 13] is **DENIED**, and the Plaintiff's Motion for Summary Judgment [Doc. 11] is **GRANTED**. Pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the

decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and this case is hereby **REMANDED** for further administrative proceedings consistent with this opinion.

A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: October 30, 2022

Martin Reidinger
Chief United States District Judge