IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:21-cv-00533-MR

| | | |
|---|---|---|
| **LORENZO BIDDY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **KILOLO KIJAKAZI,** Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Fees Pursuant to the Equal Access to Justice Act [Doc. 20].

**I.   BACKGROUND**

The Plaintiff initiated this action on October 6, 2021, seeking review of the denial of his claim for benefits by the Commissioner under the Social Security Act. [Doc. 1]. The Plaintiff's Complaint was filed by George C. Piemonte, an attorney who is licensed to practice in North Carolina and admitted to practice before this Court.

The Commissioner filed an Answer to the Plaintiff's Complaint on December 30, 2021. [Doc. 9]. Thereafter, the parties filed their respective

Motions for Summary Judgment and memoranda in support thereof. [Docs.11, 12, 13, 14, 17].

On October 31, 2022, the Court entered an Order remanding this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). [Doc. 18]. On January 27, 2023, the Plaintiff filed a Motion for Fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). [Doc. 20]. Specifically, the Plaintiff seeks an award in the amount of $9,706.69, representing 42.35 hours of work performed by his attorneys George Piemonte, Laura Beth Waller, and Cameron Hardesty[1] at the rate of $220.22 to $239.25 per hour. [See Docs. 21, 21-1, 21-2]. On March 14, 2023, the Commissioner filed a Memorandum opposing the Plaintiff's request for attorney's fees. [Doc. 23]. On March 17, 2023, the Plaintiff filed a Reply to the Commissioner's Memorandum in opposition. [Doc. 24].

Having been fully briefed, this matter is ripe for disposition.

## II. DISCUSSION

Under the Equal Access to Justice Act ("EAJA"), the Court must award attorney's fees to a prevailing party in a civil action brought against the United

---

[1] The Court notes that attorney Hardesty appears on the Plaintiff's brief as the attorney "[o]n the brief." [Doc. 12 at 26]. Counsel is reminded that, under the Local Rules, each attorney appearing of record in any matter, including "on the brief," must file a notice of appearance. See LCvR 83.1(e).

States unless the Court finds that the Government's position was "substantially justified or that special circumstances" would make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because the Court remanded this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), the Plaintiff is properly considered a "prevailing party" in this action. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993).

While conceding that the Plaintiff is a prevailing party in this action and is therefore entitled to a fee award, the Commissioner argues that the number of hours claimed by the Plaintiff is excessive and includes tasks that are non-compensable.[2] [Doc. 23]. Accordingly, the Commissioner argues that the Plaintiff's requested fee award should be substantially reduced. [Id.].

**A.     Hourly Rate**

Regarding an attorney's hourly rate, the EAJA provides, in pertinent part, as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

---

[2] The Commissioner does not object to the hourly rates sought by the Plaintiff's counsel. [Doc. 23 at 1, n.1].

3

28 U.S.C. § 2412(d)(2)(A). The decision to grant an upward adjustment of this statutory cap is a matter within the Court's sound discretion. Payne v. Sullivan, 977 F.2d 900, 903 (4th Cir.1992).

The Plaintiff requests an hourly rate of $220.22 to $239.25 for services performed by his attorneys from September 2021 through October 2022. [Doc. 21-2 at 3]. The Plaintiff arrived at this rate by calculating the cost-of-living increase, as reflected by the Consumer Price Index ("CPI") for all urban consumers in the United States (hereinafter "CPI-Urban"), between March 1996, the EAJA's most recent reenactment, and the dates of the services performed in the Plaintiff's case—September 2021 through October 2022. [Docs. 21-2, 21-3]. The Plaintiff then applied that percentage increase to the statutorily set rate of $125.00 per hour. [Id.]. The Commissioner does not challenge the Plaintiff's hourly rate computation. [Doc. 19 at 1-2 n.1].

Therefore, the Court finds that the cost-of-living increase since the EAJA was last amended in 1996 warrants an adjustment of the statutory hourly rate and that the CPI-Urban is an appropriate measure by which to calculate that adjustment. See Sullivan v. Sullivan, 958 F.2d 574, 576 (4th Cir. 1992) (noting "that section 2412(d)(2)(A) requires the use of a broad cost-of-living index"); Peek v. Astrue, No. 1:09cv301, 2010 WL 5211499, at *2 (W.D.N.C. Dec. 15, 2010) (noting that the CPI-Urban is "[c]ustomarily"

4

accepted as an appropriate measure to calculate an adjustment of the statutory rate).

Accordingly, the Court will apply the annual aggregated CPI-Urban for 2021 and 2022 to calculate the cost-of-living adjustment. During the time the Plaintiff's attorneys worked on his case, the adjusted hourly rate for the Plaintiff's legal work fluctuated from $220.22 per hour in September 2021, to $222.05 per hour in October 2021, and then to $227.77 per hour in January 2022, to $239.25 per hour in October 2022. [See Docs. 21-2, 21-3]. Accounting for this range, the Court will award the Plaintiff fees based on an average hourly rate of $220.22 per hour for work performed by counsel in September 2021, an average hourly rate of $222.05 per hour in October 2021, an average hourly rate of $225.71 for work performed in January 2022, an average hourly rate of $227.77 for work performed in February 2022, an average hourly rate of $234.66 for work performed in May 2022, and an average hourly rate of $239.25 per hour for work performed by counsel in October 2022.

**B.    Number of Hours Charged**

Under the EAJA, an award of attorney's fees must be "'reasonable,'" both with respect to the hourly rate charged and the number of hours claimed. See Hyatt v. Barnhart, 315 F.3d 239, 248 (4th Cir. 2002) (quoting

5

28 U.S.C. § 2412(d)(2)(A)(ii)). The fee applicant bears the burden of demonstrating that the number of hours charged is reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The Court has discretion to determine what constitutes a reasonable fee award. May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991) (per curiam) (citation omitted).

The Plaintiff's attorneys claim a total of 42.35 hours of work on this case. [Doc. 20]. Attorney Piemonte claims a total of 4.05 hours of work on the Plaintiff's case, almost all of which relates to preparing pleadings as well as reviewing and editing the Plaintiff's summary judgment memorandum. [Doc. 21-2 at 1-3]. Attorney Hardesty claims a total of 36.0 hours of work reviewing the administrative record and drafting the Plaintiff's summary judgment brief and reply brief. [Id.]. Attorney Waller claims a total of 2.3 hours of work on the Plaintiff's case, all of which relates to reviewing and editing the Plaintiff's reply brief. [Id.].

The Commissioner argues that the time spent preparing the summary judgment brief is excessive and includes time for the non-compensable task of preparing a medical index. [Doc. 23 at 3-7]. The Plaintiff, on the other hand, claims that counsel's hours are reasonable and compensable. [Doc. 24]. Specifically, the Plaintiff contends that the time spent preparing the medical index is compensable because the medical index saved time in

6

drafting the summary judgment brief. [Id. at 2-4].³ Furthermore, the Plaintiff asserts that the hours his counsel claims for '[r]evew[ing] medical record and analyz[ing]" evidence on February 26, 2022 and February 27, 2022 – after having already drafted the summary judgment brief – is part of the brief writing process and reasonable. [Id. at 3].

Upon careful review of counsel's time sheets and affidavits, the Court finds that some of the hours claimed by the Plaintiff's attorneys in litigating this matter are unreasonable because they are duplicative, excessive, and inclusive of non-compensable tasks. See Hensley, 461 U.S. at 433-34. Accordingly, the Court will reduce the Plaintiff's hours as explained below.

First, attorney Hardesty claims a total of 14.0 hours for reviewing and analyzing the administrative record prior to claiming time for drafting the summary judgment brief. [Doc. 21-2 at 1]. This time spent by attorney Hardesty is in addition to the 6.0 hours he claims for reviewing and analyzing the administrative record and beginning to draft the summary judgment brief, as well as in addition to the 8.0 hours he claims for reviewing and analyzing the administrative record *after* drafting the summary judgment brief. [Id.]. The

---

³ Notably, while Plaintiff contends that the time spent preparing the medical index is compensable, counsel's billing entries fail to delineate between time reviewing the administrative record and drafting the brief from time spent preparing the medical index in this case. [See Docs. 21 at 1-2; 24]. In fact, nowhere is preparation of the medical index specifically identified in the billing entries. [Doc. 21 at 1-2].

7

Court finds the time attorney Hardesty spent reviewing the administrative record both duplicative and excessive. See Hensley, 461 U.S. at 434 (explaining that counsel should "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary"). Specifically, the Court finds that the 8.0 hours claimed for reviewing and analyzing the administrative record after drafting the summary judgment brief without any further explanation to be both duplicative and excessive. Accordingly, the Court will deduct 8.0 hours from the time claimed by attorney Hardesty.

Second, the time claimed by attorney Hardesty counsel includes the completion of non-compensable clerical tasks. Attorney Hardesty does not delineate between his time spent on preparing the summary judgment memorandum and reviewing the administrative record from his time spent on completing the medical index. [See Doc. 21-2 at 1-2]. Further, despite Plaintiff's counsel arguing that the time spent preparing the medical index for this case is compensable, attorney Hardesty does not explicitly claim time for preparing the medical index. [See Docs. 12-1 ("Plaintiff's index to medical record"); 21-2 at 1-2; 24 at 2-3].

Generally, clerical tasks are not compensable. See Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989). "A prevailing party may recover fees only for work that is traditionally done by an attorney." Thayer v. Saul, No.

8

3:19-CV-00279-GCM, 2020 WL 4208061, at *2 (W.D.N.C. July 22, 2020) (citing Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988)). The Plaintiff's medical index identifies and summarizes the medical records located in the administrative record but contains no "formal legal analysis." Id.; [See Doc. 12-1]. While the medical index may be a helpful tool for drafting the summary judgment brief, the fact that the medical index is useful for completing legal work does not make the creation of the medical index a compensable task. See Jenkins, 491 U.S. at 288 n.10 (noting that some tasks are clerical "regardless of who performs them" and the value of non-legal work does not increase "'just because a lawyer does it'" (citation omitted)). Additionally, the medical index is duplicative of the court transcript index included with the administrative record. [Compare Doc. 12-1, with Doc. 10-2]. Further, the Plaintiff cites directly to the administrative record in his summary judgment brief—making the Plaintiff's medical index even more superfluous. [See, e.g., Doc. 12 at 4-6]. Therefore, the Court finds that the preparation of the medical index is a superfluous, "clerical task, which is not compensable." Thayer, 2020 WL 4208061, at *2.

Attorney Hardesty, however, does not identify which billing entries include time for preparing the medical index. [See Doc. 21-2 at 1]. Attorney Hardesty's first billing entry in this case claims 6.0 hours for time spent

9

Case 3:21-cv-00533-MR   Document 25   Filed 07/11/23   Page 9 of 14

reviewing and analyzing the administrative record, and his second billing entry in this case claims 6.0 hours for time spent reviewing and analyzing the administrative record comingled with time spent drafting the summary judgment brief. [Id.]. The Court would not be inclined to reduce the time spent drafting the summary judgment brief nor further reducing the time spent reviewing the administrative record, but instead only the time spent preparing the medical index. Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir.1998) (court should examine hours allotted to specific tasks). Attorney Hardesty, however, fails to specify the time spent on preparing the medical index. [See Doc. 21-2]. Since attorney Hardesty fails to specify that task in his billing entries, the Court will reduce the entirety of the 6.0 hours claimed exclusively for reviewing and analyzing the administrative record due to counsel's failure to properly document and separate these tasks. See Gibby v. Astrue, 2012 WL 3155624, at *6 (W.D.N.C. Aug. 2, 2012) ("[The] court may discount requested hours if attorney failed to keep meticulous time records disclosing how time was allotted to specific tasks") (citing Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998)). Accordingly, the Court will further deduct 6.0 hours form the time claimed by attorney Hardesty, for a total reduction of 14.0 hours from the time claimed by attorney Hardesty (6.0 hours plus the 8.0 hours addressed supra).

Therefore, the Court finds that attorney Piemonte reasonably spent 4.05 hours on the Plaintiff's case, attorney Waller reasonably spent 2.3 hours on the Plaintiff's case, and attorney Hardesty reasonably spent 22.0 hours on the Plaintiff's case, for a total of 28.35 compensable hours. This figure is within the standard range of compensable hours for Social Security cases in this circuit. See Johnson v. Saul, No. 5:18-cv-00152-FDW, 2020 WL 6065308, at *2 (W.D.N.C. Oct. 14, 2020) (collecting cases).

### III. CONCLUSION

After consideration of the deductions outlined above, the Court will award the Plaintiff $6,517.75 in attorney's fees. The Court reached this amount by multiplying the reasonable hours expended by the Plaintiff's counsel in September 2021 – 1.0 hours – by the reasonable average rate for those hours – $220.22 per hour; by multiplying the reasonable hours expended by the Plaintiff's counsel in October 2021 – 1.0 hours – by the reasonable average rate for those hours – $222.05 per hour; by multiplying the reasonable hours expended by Plaintiff's counsel in February 2022 – 0.05 hours – by the reasonable average rate for those hours – $225.71 per hour; by multiplying the reasonable hours expended by Plaintiff's counsel in February 2022 – 15.75 hours – by the reasonable average rate for those hours – $227.77 per hour; by multiplying the reasonable hours expended by

Plaintiff's counsel in May 2022 – 10.3 hours – by the reasonable average rate for those hours – $234.66 per hour; and by multiplying the reasonable hours expended by the Plaintiff's counsel in October 2022 – .25 hours – by the reasonable average rate for those hours – $239.25 per hour. The $6,517.75 award is sufficient to compensate the Plaintiff's attorneys for time reasonably spent on the Plaintiff's case without creating a "'windfall[]'" for the Plaintiff's counsel. Hyatt, 315 F.3d at 254 (citation omitted) (citing Hensley, 461 U.S. at 430 n.4).

The Plaintiff requests that the EAJA award be paid directly to the Plaintiff's counsel as the Plaintiff's assignee. [Doc. 20 at 1]. In support of this request, the Plaintiff has submitted a fee agreement executed by the Plaintiff, pursuant to which the Plaintiff has agreed to assign any EAJA award in favor of counsel. [Doc. 21-1]. The Commissioner should accept the Plaintiff's assignment of the awarded fees to the Plaintiff's counsel, and—upon receiving the assignment—the Commissioner shall pay the award of fees directly to the Plaintiff's counsel, provided that the Plaintiff does not owe any debts to the federal government, which are "subject to offset." Astrue v. Ratliff, 560 U.S. 586, 594 (2010).

# **ORDER**

**IT IS, THEREFORE, ORDERED** that:

(1) The Plaintiff's Motion [Doc. 20] is hereby **GRANTED IN PART** to the extent that the Plaintiff is hereby awarded attorney's fees in the amount of Six Thousand Five Hundred and Seventeen Dollars and Seventy-Five Cents ($6,517.75), which sum is in full satisfaction of all claims by the Plaintiff in this case pursuant to 28 U.S.C. § 2412(d);

(2) Within thirty (30) days of the entry of this Order, or some other time as determined by the Court upon good cause shown, the Commissioner shall inform the Plaintiff's counsel whether the Plaintiff owes a debt to the Government by which this fee award may be offset. And, before any funds are disbursed to the Plaintiff's counsel, the Plaintiff's counsel shall provide a valid fee assignment to the Commissioner;

(3) In the event that past-due benefits are awarded on remand, the Plaintiff shall have sixty (60) days after being served with notice of the past-due benefits award to file for an award of fees pursuant to the Social Security Act, 42 U.S.C. § 406(b); and

(4) No additional Petition pursuant to 28 U.S.C. § 2412(d) may be filed.

**IT IS SO ORDERED.**

Signed: July 11, 2023

Martin Reidinger
Chief United States District Judge